**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

■ 14th_____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Danny Devereaux    JOINT DEBTOR: Jenny Caroline Devereaux    CASE NO.: 17-12809-AJC

SS#: xxx-xx-4776    SS#: xxx-xx-2111

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section VIII | ■ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $2,273.70 for months 1 to 30 ;
2. $2,465.56 for months 31 to 50 ;
3. $4,815.71 for months 51 to 59 ;
4. $4,744.42 for months 60 to 60 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**  ☐ NONE  ☐ PRO BONO

| Total Fees: $9650.00 | Total Paid: $1000.00 | Balance Due: $8650.00 |
|---|---|---|
| Payable $288.33 /month (Months 1 to 30 ) | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
($3500 safe harbor + $150 costs + $75 credit rept + $2500 MMM + $100 Costs +$750 Motion to Value + $$25 costs + $750.00 Motion to Value + $25 costs + $500 Motion to Shorten + $750 Motion to Value + $25 costs + 500 Motion to Reinstate)
Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:**  ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: MTGLQ INVESTORS LP
   Address: SHELLPOINT MTG SVC
   POB 10826
   GREENVILLE SC 29603
   
   Arrearage/ Payoff on Petition Date: _____
   MMM Adequate Protection: $1,581.00 /month (Months 1 to 60 )

LF-31 (rev. 10/3/17)                    Page 1 of 7

Last 4 Digits of Account No.: 0657

Other: _____

☒ Real Property
   ☒ Principal Residence
   ☐ Other Real Property

Check one below for Real Property:
☒ Escrow is included in the regular payments
☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
720 N Shore Drive, Miami Beach, FL 33141

☐ Personal Property/Vehicle
Description of Collateral: _____

2. Creditor: Vista Del Lago I Condo Assoc Inc.

Address: C/O Excel Management
2510 NW 97th Avenue, Suite 200
Doral, Florida 33172

Arrearage/ Payoff on Petition Date: _____
Regular Payment (Maintain): $160.00 /month (Months 1 to 60)

Last 4 Digits of Account No.: 2503

Other: Association for property

☒ Real Property
   ☐ Principal Residence
   ☒ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:
9915 W Okeechobee Rd #2-503 , Hialeah, FL 33016

☐ Personal Property/Vehicle
Description of Collateral: _____

3. Creditor: Claim # 3 Wells Fargo Bank  d/b/a Wells Fargo Dealer Services

Address: P.O. Box 17900
Denver, CO 80217

Arrearage/ Payoff on Petition Date: $1,880.78
Arrears Payment (Cure): $5.00 /month (Months 1 to 30)
Arrears Payment (Cure): $59.00 /month (Months 31 to 59)
Arrears Payment (Cure): $19.78 /month (Months 60 to 60)

Last 4 Digits of Account No.: 5216

Other: _____

☐ Real Property
   ☐ Principal Residence
   ☐ Other Real Property

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay   ☐ taxes   ☐ insurance directly

Address of Collateral:

☒ Personal Property/Vehicle
Description of Collateral: 2006 Ford Truck Explorer V-6

4. Creditor: Wells Fargo Bank, N.A.

| | |
|---|---|
| Address: P.O. Box 14487<br>Des Moines, IA 50309 | Arrearage/ Payoff on Petition Date $1,145.06 |
| | Arrears Payment (Cure)  $5.00  /month (Months 1 to 30) |
| Last 4 Digits of Account No.: 5628 | Arrears Payment (Cure)  $34.00  /month (Months 31 to 59) |
| | Arrears Payment (Cure)  $9.06  /month (Months 60 to 60) |

Other: _____

☐ Real Property     Check one below for Real Property:
  ☐ Principal Residence         ☐ Escrow is included in the regular payments
  ☐ Other Real Property         ☐ The debtor(s) will pay  ☐ taxes  ☐ insurance directly

Address of Collateral:

■ Personal Property/Vehicle
Description of Collateral: Mattress

**B. VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

**1. REAL PROPERTY:** ☐ NONE

| 1. Creditor: Suntrust Mortgage<br>Address: 1001 Semmes Ave<br>Richmond, VA 23224<br>Last 4 Digits of Account No.: 9799<br>Real Property<br>■ Principal Residence<br>☐ Other Real Property<br>Address of Collateral:<br>720 N Shore Dr<br>Miami Beach, FL 33141 | Value of Collateral:  $345,021.00<br>Amount of Creditor's Lien:  $95,990.00<br>Interest Rate:  0.00%<br>Check one below:<br>☐ Escrow is included in the monthly mortgage payment listed in this section<br>■ The debtor(s) will pay<br>  ■ taxes   ■ insurance directly | **Payment**<br>Total paid in plan:  $0.00<br><br>$0.00  /month (Months ___ to ___) |
|---|---|---|
| 2. Creditor: Real Time Resolutions<br>Address: 1750 Regal Row Ste N<br>Dallas, TX 75235<br>Last 4 Digits of Account No.: 5731<br>Real Property<br>☐ Principal Residence<br>■ Other Real Property<br>Address of Collateral:<br>9915 W Okeechobee Rd # 2-503<br>Hialeah, FL 33016 | Value of Collateral:  $96,190.00<br>Amount of Creditor's Lien:  $67,756.00<br>Interest Rate:  0.00%<br>Check one below:<br>☐ Escrow is included in the monthly mortgage payment listed in this section<br>■ The debtor(s) will pay<br>  ■ taxes   ■ insurance directly | **Payment**<br>Total paid in plan:  $0.00<br><br>$0.00  /month (Months ___ to ___) |

| 3. Creditor: Vista Del Lago I Condominium Association<br><br>Address: C/O Excel Management<br>2510 NW 97th Avenue<br>Suite 200<br>Doral, FL 33172<br><br>Last 4 Digits of Account No.: 2503<br><br>Real Property<br>☐ Principal Residence<br>☒ Other Real Property<br><br>Address of Collateral:<br>9915 W Okeechobee Rd # 2-503<br>Hialeah, FL 33016 | Value of Collateral: $96,190.00<br>Amount of Creditor's Lien: $12,000.00<br><br>Interest Rate: 0.00%<br><br>Check one below:<br>☐ Escrow is included in the monthly mortgage payment listed in this section<br>☒ The debtor(s) will pay<br>☒ taxes   ☒ insurance directly | **Payment**<br>Total paid in plan: $0.00<br><br>$0.00 /month (Months 0 to 0 ) |
|---|---|---|

    2. **VEHICLES(S):** ☒ NONE

    3. **PERSONAL PROPERTY:** ☒ NONE

  C. **LIEN AVOIDANCE** ☒ NONE

  D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

    ☐ NONE

    ☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

    ☐ Other: _____

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | Claim #18<br>Deutsche Bank National Trust Company | 6872 | 9915 W Okeechobee Rd # 2-503<br>Hialeah, FL 33016 |

  E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.

    ☒ NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

  A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☒ NONE

  B. **INTERNAL REVENUE SERVICE:** ☒ NONE

  C. **DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE

  D. **OTHER:** ☒ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

  A. Pay $7.00 /month (Months 1 to 30 )

     Pay $385.00 /month (Months 31 to 50 )

     Pay $2,500.14 /month (Months 51 to 60 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all owed unsecured nonpriority claims.

  C. **SEPARATELY CLASSIFIED:** ☒ NONE

  *Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

| | | |
|---|---|---|
| **VI.** | **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee. | |

■ NONE

**VII.    INCOME TAX RETURNS AND REFUNDS:** ☐ NONE

■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

**VIII.    NON-STANDARD PLAN PROVISIONS** ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

■ Mortgage Modification Mediation

1  The debtor has filed a Verified Motion for Referral to MMM with:

Shellpoint Mortgage Servicing                                                                 ("Lender")

loan number 0578180657

for real property located at 720 N Shore Dr
Miami Beach, FL 33141

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM.  While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only.  The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement.  Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan.  The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan."  If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property.  Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Danny Devereaux | Debtor | August 14, 2018 | Jenny Caroline Devereaux | Joint Debtor | August 14, 2018 |
|---|---|---|---|---|---|
| Danny Devereaux | | Date | Jenny Caroline Devereaux | | Date |

| Diego G Mendez | August 14, 2018 |
|---|---|
| Attorney with permission to sign on Debtor(s)' behalf | Date |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**